# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### EPITOMIZED OPINIONS
### Published only in the Abstract

N.o 395

**PALUCH v. PALUCH**

Ohio Appeals, 6th Dist., Lucas Co.

No. 1594. Decided Jan. 18, 1926

**413. DIVORCE AND ALIMONY**—Court may not dismiss petition without prejudice based upon testimony of plaintiff claimed to be perjurous, for such plaintiff is entitled to introduce testimony which is believed would tend to corroborate her evidence and in support of the allegations of the petition; as no divorce can be granted unless evidence of plaintiff is supported by testimony of other witnesses.

YOUNG, J.

Kate Paluch brought an action against Martin Paluch in the Lucas Common Pleas for divorce and alimony. The Court dismissed plaintiff's petition without prejudice after the trial had begun and some evidence had been brought in.

It was claimed that the plaintiff committed perjury while testifying and that under 11988 GC. no admission of testimony shall be received which the court has reason to believe was obtained by fraud, connivance or other improper means. Plaintiff insisted that the trial court was without authority in dismissing the case. Mrs. Paluch prosecuted error, and the Court of Appeals held:

1. Under 11988 GC. a divorce or judgment for alimony shall not be granted on testimony or admissions of a party unsupported by other evidence.

2. It is therefore difficult to conceive how the court could arrive at a conclusion as to the rights of the parties without hearing additional testimony on behalf of the plaintiff.

3. While the court may exercise a reasonable discretion in the limitation of the number of witnesses who may be called in proof of a fact, a party can not be deprived of the right to call at least a sufficient number of witnesses to enable the court to determine the case on its merits.

4. As there was evidence in the bill of exceptions tending to support the allegations of the petition, it was incumbent upon the court to hear additional evidence and from it all determine its value, if any, and decide upon the merits of the case all the issues therein presented.

5. Plaintiff is entitled to her day in court. She may be entitled to a divorce if allowed to establish her action by sufficient evidence, and not be entitled to alimony.

6. The court erred in dismissing the petition without prejudice.

Judgment reversed.

Attorneys—P. J. Callaghan and Geo. S. Moss for plaintiff; F. A. Carabin for defendant; all of Toledo.

No. 396

**BLUM v. SHEPARD et**

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 661. Decided Feb. 3, 1926

**658. INTERROGATORIES**—Presented upon demand for special finding of facts must relate to ultimate and controlling facts.

BY THE COURT

Anna Blum brought suit against Mark and Laura Shepard in the Montgomery Common Pleas; the controversy arising because of the disputed ownership of a three foot strip of land included within the lot owned by Blum. The Shepards claim title to said strip by adverse possession, they claiming that it was occupied by them for more than 21 years before suit was brought.

There was a demand by Blum for a special finding of facts accompanied by certain interrogatories. Judgment was in favor of the Shepards. The sufficiency of the finding of facts were challenged by Blum in her petition in error. The Court of Appeals held:

1. Interrogatories presented upon a demand for a special finding of facts must relate to ultimate and controlling facts.

2. The interrogatories in the case at bar did not relate to ultimate or controlling facts under the pleadings, nevertheless, the court answered them.

3. From the special finding of facts it is clear that the Shepards and their predecessors in title had occupied the strip in controversy for a period sufficient to give them a title thereto by prescription.

Judgment affirmed.

Attorneys—I. L. Jacobson for Blum; Marshall & Harlan for Shepard et; all of Dayton.